■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. BROWN, Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 9, 1990, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and forgery in the second degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 29, 1989, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

We find no merit to defendant's contentions that his rights were violated when he was allowed to continue to proceed pro

*se* at trial and when he was sentenced in absentia. Not only did County Court conduct a thorough inquiry and clearly advise defendant of the hazards of proceeding *pro se* at the time defendant made his application to do so, but the court continued to so advise defendant at various times during the course of the trial when his conduct suggested that he might be harming himself by continuing to proceed in his own defense (*see, People v Vivenzio,* 62 NY2d 775; *People v McIntyre,* 36 NY2d 10, 14, 17-18). At all times defendant unequivocally responded that he wanted to continue to proceed *pro se* (*see, People v Lee,* 116 AD2d 590). Furthermore, defendant voluntarily lost his right to be present at sentencing when he refused to appear (*see, People v Corley,* 67 NY2d 105, 109-110; *Matter of Root v Kapelman,* 67 AD2d 131, 135, *lv denied* 47 NY2d 706). defendant's contention that he was confused as to the correct sentencing date is belied by the fact that he was advised of the date at the end of the trial (*see, People v Christopher R.,* 135 AD2d 584, 584-585, *lv denied* 70 NY2d 959). We have examined defendant's remaining contention and also find it lacking in merit.

Mahoney, P. J., Weiss, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.