■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered September 6, 1989, as amended February 2, 1990, convicting him of attempted robbery in the second degree and unauthorized use of a motor vehicle in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of one to three years imprisonment for attempted robbery in the third degree and a definite term of one year imprisonment for unauthorized use of a motor vehicle in the third degree, to run concurrently, and restitution in the amount of $672.30.

Ordered that the judgment, as amended, is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provisions thereof concerning restitution; as so modified, the judgment, as amended, is affirmed, and the matter is remitted to County Court, Nassau County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

Having accepted the bargained-for plea, the defendant forfeited the right to challenge the factual basis for that plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Riley,* 120 AD2d 752). The County Court should have, but failed to, fix the amount and terms of restitution at the time it pronounced the sentence of which restitution was to be a part *(see,* Penal Law § 60.27 [1], [2]; *see also,* CPL 380.30; *and see, People v Bentivegna,* 145 AD2d 899; *cf., People v Fuller,* 57 NY2d 152). However, the court's improper deferral of restitution issues did not work to deprive it of jurisdiction to thereafter impose restitution as it had announced it would do at sentencing *(see, e.g., People v Bentivegna, supra; cf., People ex rel. Harty v Fay,* 10 NY2d 374). The County Court did not, however, properly fix restitution.

We conclude that, as a matter of law, a hearing with respect to the proper amount of restitution is warranted *(see, People v Kade,* 153 AD2d 907). Review of a repair bill, and the reluctant consent of the defendant, who stated he was unable to make restitution *(cf.,* CPL 420.10 [4]), to entry of a civil judgment *(but see,* CPL 420.10 [1]; *cf.,* CPL 420.10 [5]) do not provide an adequate basis for determining the amount of loss caused by the defendant's crime *(see,* Penal Law § 60.27 [2]; *People v Mela,* 172 AD2d 630; *People v Millar,* 144 AD2d 1032;

*cf., People v Kelsky,* 144 AD2d 386) or defeat the " 'essential nature' of [defendant's] * * * right to be sentenced as provided by law" *(People v Fuller, supra,* at 156, quoting from *People v Craig,* 295 NY 116, 120; *People v Bentivegna, supra; People v Clougher,* 95 AD2d 860). The matter is accordingly remitted to the County Court, Nassau County so that a hearing may be conducted with regard to the amount of restitution and the manner of payment *(see, People v Walker,* 140 AD2d 655).

We have considered defendant's claim of ineffective assistance of counsel and find it to be unsupported by the record *(see, People v Brown,* 45 NY2d 852). Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.