■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT T. BAUER, Appellant. [645 NYS2d 323] —Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Dutchess County (Marlow, J.), imposed September 13, 1994, as amended January 3, 1995, upon his conviction of driving while intoxicated, upon his plea of guilty, the sentence being, *inter alia,* a term of five years probation, a $1,000 fine, a $150 mandatory surcharge, and restitution in an amount equal to the victim's cost of renting a car for four weeks.

Ordered that the sentence, as amended, is modified, on the law, by deleting the provisions imposing a mandatory surcharge and restitution; as so modified, the sentence, as amended, is affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings in accordance herewith.

The defendant was charged with driving while intoxicated following his involvement in an accident in which the victim's motor vehicle sustained damage.

The court's improper deferral of restitution issues did not work to deprive it of jurisdiction to thereafter impose restitution as it had announced it would do at sentencing *(see, People v Jackson,* 180 AD2d 755). However, the County Court should have fixed the amount and terms of restitution at the time it

pronounced the sentence of which restitution was to be a part *(see,* Penal Law § 60.27; *People v Jackson, supra).* In determining that the defendant was required to make restitution, *inter alia,* with regard to the amount of expense incurred by the victim in renting another car while the damaged car was being repaired, the court failed to specify the actual dollar amount of that expense *(see, People v Fuller,* 57 NY2d 152, 158). The court also erred in directing the defendant to pay a mandatory surcharge since the imposition of the surcharge was inconsistent with the requirement that the defendant make restitution *(see,* Penal Law § 60.35 [6]; *People v Bailey,* 209 AD2d 709).

The defendant's remaining contention is without merit. Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.