■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN L. DICKSON, Appellant. [690 NYS2d 282] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 29, 1997, upon a verdict convicting defendant of the crimes of robbery in the second degree and grand larceny in the fourth degree.

On the evening of December 11, 1996, defendant went to a gas station in the City of Rensselaer, Rensselaer County, "stuck something" in the attendant's side and threatened to shoot if the attendant did not comply with his demands. After handing over all the money in his pocket, the attendant then gave defendant all the money in the cash drawer. Following a jury trial, defendant was found guilty of robbery in the second degree and grand larceny in the fourth degree. He was sentenced as a second felony offender to concurrent prison terms of 15 years on the robbery conviction and 2 to 4 years on the grand larceny conviction, and ordered to pay restitution. Additionally, County Court issued an order of protection directing defendant not to have any contact with the attendant for three years after his eventual release from prison. Defendant appeals.

Defendant first contends that his oral and written statements to police should have been suppressed as the fruit of an illegal arrest and because they were given in the absence of ap-

propriate *Miranda* warnings. We begin by noting that credibility determinations made by County Court following a suppression hearing are to be accorded great deference (*see, e.g., People v Prochilo*, 41 NY2d 759, 761). County Court found, and we agree, that although defendant was in fact in custody on unrelated offenses when questioned by the officers about the subject robbery, suppression of his oral and written statements was not warranted because defendant "was fully informed of his *Miranda* rights prior to such questioning, understood and waived these rights and voluntarily made the statement[s]" (*People v Michaud*, 248 AD2d 823, 824, *lv denied* 91 NY2d 1010; *cf., People v Parker*, 82 AD2d 661, *affd* 57 NY2d 815). Moreover, although an officer deceived defendant during the interview by falsely telling him that his actions were memorialized on a video surveillance camera in the gas station, this deception was not so fundamentally unfair as to deny defendant due process or accompanied by a promise or threat likely to produce a false confession (*see, People v Tarsia*, 50 NY2d 1, 11). Indeed, as noted by this Court in *People v Jackson* (143 AD2d 471, 473), misleading a defendant into believing that he or she had been under surveillance during the commission of an alleged crime is "hardly the type [of statement] that would induce a false confession".

Defendant also contends that the grand larceny in the fourth degree charge should have been dismissed because it was a lesser included offense of the robbery in the second degree charge. As defendant did not object to the submission of the grand larceny charge to the jury or move to dismiss it, this contention is unpreserved for appellate review (*see,* CPL 300.50 [1]; 470.05 [2]; *see also, People v Ford*, 62 NY2d 275, 282-284; *People v Velez*, 150 AD2d 514, *lv denied* 74 NY2d 748). In any event, "[g]rand larceny in the fourth degree based upon the theory that property was taken from the person of [the attendant] * * * is not a lesser-included offense of robbery in the second degree" (*People v Vaught*, 258 AD2d 602; *see, People v Avent*, 258 AD2d 588; *People v Tucker*, 221 AD2d 670, *lv denied* 87 NY2d 978).

Defendant next contends that the charges against him should be dismissed (or, at the least, a new trial granted) because of alleged *Rosario* (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866) and *Brady* (*Brady v Maryland*, 373 US 83) violations. The basis of these claims is the erasure by police of a recorded telephone call between defendant and the attendant during which defendant attempted to prove to the police—unsuccessfully—that the attendant was a participant in the robbery. By

failing to voice an objection to the destruction of this evidence under either *Rosario* or *Brady*, this issue is not preserved for review (*see,* CPL 470.05 [2]; *see, e.g., People v Rogelio,* 79 NY2d 843, 844; *People v Torres,* 190 AD2d 52, 54, n). Significantly, there was no evidence that the tape was intentionally destroyed and defendant later recanted his claim that the attendant was a participant. In any event, notwithstanding defense counsel's failure to object or request sanctions against the People (*compare, People v Martinez,* 71 NY2d 937, 940; *People v La Mountain,* 249 AD2d 584, 585, *lv denied* 92 NY2d 855), County Court *sua sponte* gave an adverse inference charge to the jury as a remedy for this loss of evidence. Thus, even if we were to review defendant's claims, we would find that the sanction imposed by County Court was an appropriate exercise of its sound discretion (*see, People v Joseph,* 86 NY2d 565, 572; *People v Martinez, supra*; *People v Lussier,* 205 AD2d 910, 911, *lv denied* 83 NY2d 1005, *cert denied* 513 US 1078; *cf., People v Torres, supra*).

Noting that defendant was on parole when he committed the subject offenses and has a lengthy criminal history, we decline to disturb the terms of imprisonment to which he was sentenced. We do find error, however, in County Court's order directing restitution. Pursuant to Penal Law § 60.27, a sentencing court may order restitution to the victim of the crime in addition to any other dispositions authorized by statute. The amount of restitution "may be no greater than the sum necessary to compensate the victim for out-of-pocket losses" (*People v Consalvo,* 89 NY2d 140, 144; *see,* Penal Law § 60.27 [1]; *People v Fuller,* 57 NY2d 152, 158, n 6).

Here, although County Court ordered restitution, it did not set an amount or direct the manner in which it should be paid. Rather, it gave the People 90 days "to verify the amount" which was estimated to be between $200 and $600.* As an initial matter, we note that it is for the court, not the People, to determine the amount of restitution (*see, People v Fuller, supra,* at 158-159; *see also, People v Consalvo, supra,* at 145). Additionally, the People are required to advise the court "*at or before* * * * *sentencing*" (Penal Law § 60.27 [1] [emphasis supplied]) of the amount of restitution, if any, that is being sought by a crime victim. Here, the Assistant District Attorney, unsure of the actual out-of-pocket loss to the owner of the gas

---

* Although defendant neither requested a hearing regarding restitution nor objected to the indefinite amount ordered, he has not waived appellate review of this issue because of the " 'essential nature' " of the right to be sentenced in accordance with the law (*People v Fuller, supra,* at 156).

station at the time of sentencing, requested an opportunity "to submit restitution", a procedure not in compliance with the statute.

Moreover, "[w]hen a court orders restitution, it must specifically set forth what amount is to be paid" (*People v Beaudoin*, 195 AD2d 996, *lv denied* 82 NY2d 891; *see*, *People v Distaffen*, 249 AD2d 969, *lv denied* 92 NY2d 851) and "fix the manner of payment" (*People v Brown*, 175 AD2d 955, *lv denied* 78 NY2d 1126; *see*, *People v Robinson*, 174 AD2d 779). We must therefore modify the judgment by reversing the sentence only insofar as it directs defendant to pay restitution in an unspecified amount (*see*, *People v Distaffen*, *supra*; *People v Beaudoin*, *supra*) and remit the matter to County Court for its determination of the amount, manner and time for payment (*see*, *People v Beaudoin*, *supra*, at 996; *People v Brown*, *supra*; *see also*, *People v Bernier*, 197 AD2d 882).

Defendant's remaining contentions, to the extent preserved for review, are without merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to pay restitution in an unspecified amount; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.