■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN C., Appellant. [697 NYS2d 217] —Sentence unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: On June 11, 1997, defendant pleaded guilty to criminal possession of stolen property in the fourth degree upon County Court's promise to grant him youthful offender adjudication. The court further promised to sentence defendant to probation and "work Saturdays". When defendant appeared for sentencing on July 30, 1997, the court stated that "[t]he agreed-upon sentence was youthful offender adjudication, probation and a cap of 16 work Saturdays and possible community service". The court imposed that sentence and discussed the conditions of probation. The court then stated that the People were not seeking restitution at that time.

Shortly after sentencing, the People notified the court that they were seeking modification of the conditions of probation to include restitution or reparation. Defendant objected on the ground that restitution or reparation was not part of the original plea agreement and that, because he had begun serving his work Saturdays, plea withdrawal was not available because he could not "be placed at square one". A hearing on restitution or reparation apparently was held, although the transcript of the hearing does not appear in the record. At the conclusion of the hearing, the court directed defendant to pay $3,723.33 as reparation. That was error.

Penal Law § 60.27 (1) requires that the District Attorney

"advise the court at or before the time of sentencing that the victim seeks restitution or reparation". There is no statutory authorization for modifying a judgment of conviction to include restitution or reparation after sentence has been imposed where the People failed to provide notice that they were seeking such restitution or reparation. The People's reliance on Penal Law § 65.10 (2) (g) and CPL 410.20 (1) is misplaced. Penal Law § 65.10 (2) (g) authorizes the court to impose restitution or reparation as a condition of probation, while CPL 410.20 (1) authorizes a court to "modify or enlarge the conditions of a sentence of probation or conditional discharge at any time prior to the expiration or termination of the period of the sentence." Allowing a court to impose restitution or reparation where the People did not advise the court before or at the time of sentencing that restitution or reparation was being sought would eviscerate the requirement of Penal Law § 60.27 (1). Additionally, the court could not impose restitution or reparation without giving defendant an opportunity to withdraw his plea (*see, People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). Here, however, defendant changed his position in reliance on the plea, and thus vacatur of the plea is not available (*see, People v Schultz,* 73 NY2d 757, 758). Thus, we modify the sentence by vacating the imposition of reparation as a condition of probation. (Appeal from Sentence of Monroe County Court, Marks, J.—Sentence.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.