[721 NYS2d 185]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE A. SWIATOWY, Appellant. (Appeal No. 2.)

Fourth Department, February 7, 2001

APPEARANCES OF COUNSEL

*Shirley A. Gorman, Public Defender's Office,* Rochester, for appellant.

*Lawrence Friedman, District Attorney* of Genese County, Batavia, for respondent.

## OPINION OF THE COURT

PIGOTT, JR., P. J.

On this appeal, defendant contends that County Court had no authority to direct him to pay restitution 13 months after he was sentenced. On the facts of this case, we disagree.

The relevant facts are not in dispute. Defendant pleaded guilty to attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), admitting during the plea allocution that he stabbed the victim with a knife, causing physical injuries that required hospitalization. On May 28, 1998, when defendant appeared for sentencing, the District Attorney advised the court that there was a claim for restitution on behalf of the victim, based on the victim's medical bills. Because the court did not have before it sufficient information concerning the full extent of the victim's damages, the court indicated its intention "to sever the issue of restitution and see if the parties can resolve it." The court further noted that, if the parties could not resolve the issue of restitution, a hearing would be conducted on that issue. Both the prosecutor and defense counsel consented to the court's severance of the restitution issue. The court then sentenced defendant to five years' probation with an intermittent period of incarceration.

Approximately four months later, the Genesee County Department of Social Services, the agency that through Medicaid paid the victim's medical bills, submitted a claim for restitution in the amount of $8,955.54 (*see generally, People v Kim,* 91 NY2d 407, 411-412; *People v Cruz,* 81 NY2d 996, 997-998; Penal Law § 60.27 [4] [b]). Defense counsel contended that the claim for restitution was untimely. The court rejected that contention and conducted a restitution hearing. On June 18, 1999, following the hearing, the court directed defendant to pay restitution in the amount of $8,955.54 plus a 5% surcharge. Defendant appealed from the judgment of conviction and the amended sentence, and sought leave to appeal from the order of restitution (*see,* CPL 450.15 [3]; 460.15). We granted leave to appeal from the order, and consolidated the three appeals.

"Normally the court should determine the amount of restitution at the time of sentencing" (*People v Consalvo,* 89 NY2d

140, 144; *see, People v Kevin C.*, 265 AD2d 828, 828-829; *People v Bentivegna*, 145 AD2d 899; Penal Law § 60.27 [1]). We agree with the Second Department, however, that the court's failure to order restitution at the time of sentencing does not necessarily deprive the court of jurisdiction to impose restitution thereafter (*see, People v Daprano*, 224 AD2d 441, 441-442, *lv denied* 88 NY2d 965; *see also, People v Bauer*, 229 AD2d 502; *People v Jackson*, 180 AD2d 755), so long as the People properly state at sentencing that they intend to seek restitution (*see, e.g., People v Kevin C., supra*, at 828-829). Judicial modification or correction of a sentence, such as the addition of restitution, however, must occur within a reasonable time following the sentencing proceeding. The general rule requiring prompt sentencing (*see, People v Drake*, 61 NY2d 359, 365-366) applies equally here, and thus an unreasonable delay will result in loss of jurisdiction over defendant (*see generally, People v Daprano, supra*, at 441-442).

Where, as here, the information concerning the full extent of damages was not available for presentation to the court at the time of defendant's sentencing (*see, People v Holden*, 244 AD2d 961, *lv denied* 91 NY2d 926), the court properly severed the issue of restitution. Accordingly, we conclude that, under the facts of this case, the court was not divested of jurisdiction in this matter as a result of the delay in imposing restitution (*see, People v Daprano, supra*), and that the judgment, amended sentence and order should be affirmed.

Although it is preferable not to bifurcate sentencing by deferring the issue of restitution, there are cases, such as the instant one, where that procedure may be warranted. In such a case, the defendant may properly appeal as of right from both the judgment of conviction (*see,* CPL 450.10 [1]) and the sentence as amended (*see,* CPL 450.10 [2]), directing payment of restitution (*see, e.g., People v Bauer, supra; People v Jackson, supra*), and there is no need to seek leave to appeal from an order of restitution.

HURLBUTT, KEHOE and LAWTON, JJ., concur.

Amended sentence unanimously affirmed.