■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. KNOWLES, Appellant. [740 NYS2d 151] —Appeal from

an order of the County Court of Broome County (Mathews, J.), entered May 12, 1999, which set the amount of restitution owed by defendant.

Pursuant to a plea bargain agreement, defendant pleaded guilty to the crime of arson in the fourth degree in exchange for the promise that he would not be sentenced to a term of incarceration in a state correctional facility. At a hearing held September 8, 1995, County Court adjudicated defendant a youthful offender and sentenced him to a 60-day period of incarceration in the Broome County Jail and a five-year term of probation. At the request of the District Attorney, County Court directed defendant to pay restitution to the owner of the building that had been damaged by defendant's arson. The court then directed the District Attorney to submit a formal statement specifying the proposed sum of the victim's damages.

Due to bureaucratic oversights, there was a delay in the submission of the statement of damages to County Court with the result that the restitution hearing was not held until May 12, 1999. On that date, the owner of the damaged building testified that he had expended the sum of $554.04 to repair it. County Court then issued the instant order directing defendant to pay restitution in the amount of $554.04, at the rate of $25 per month. Defendant subsequently completed serving his term of probation and paid the full amount of restitution.

Defendant now appeals from the order of County Court that directed him to pay restitution, contending that after the judgment of conviction was entered in September 1995, County Court lacked the power to issue a subsequent order of restitution. We disagree. While it is more usual for a court to determine the amount of restitution at the sentencing hearing (*see,* Penal Law § 60.27 [1]; *see also, People v Consalvo,* 89 NY2d 140, 144-145; *People v Kevin C.,* 265 AD2d 828, 829), County Court's failure to order restitution on that date does not automatically deprive the court of jurisdiction to issue an order of restitution thereafter (*see, People v Daprano,* 224 AD2d 441, 441-442, *lv denied* 88 NY2d 965). As long as the People have articulated at the sentencing hearing their intention of seeking restitution, as occurred in this case, the court may order the payment of a specific amount of restitution on a subsequent date, the sole caveat being that "an unreasonable delay" will result in the loss of jurisdiction (*People v Swiatowy,* 280 AD2d 71, 73; *lv denied* 96 NY2d 868).

Various factors presented by this case lead to the conclusion that County Court's order should not be disturbed. These include the fact that when defendant was sentenced, it was

clearly stated that the amount of the anticipated restitution would be approximately $554. In addition to serving his sentence, defendant has remitted the full amount of restitution. Finally, it is noteworthy that defendant did not object to the payment of restitution at the time of sentencing.

This Court's decision in *People v Dickson* (260 AD2d 931, *lv denied* 93 NY2d 1017) does not require a contrary result. In that case, County Court was found to have erred by ordering the defendant to pay restitution without specifically setting forth the amount to be paid either at the sentencing hearing or at any time thereafter (*id.* at 933-934). This Court remitted the case to County Court for a statement of the exact amount due (*id.* at 934). In the case under review, however, the exact amount of restitution was clearly stated in the order of County Court; hence, the ruling in *Dickson* is inapposite.

Cardona, P.J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed.