■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMMEL BENNETT, Appellant. [807 NYS2d 665]—

Mercure, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 15, 2004, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

In satisfaction of a nine-count indictment charging defendant with various crimes, defendant pleaded guilty in August 2004 to murder in the second degree. County Court thereafter sentenced defendant to a prison term of 15 years to life. This appeal ensued.

Defendant initially argues that County Court erred in accepting his guilty plea because he did not enter it voluntarily. This argument, however, although not encompassed by his waiver of the right to appeal, has not been preserved for our review inasmuch as defendant failed to move to withdraw his plea or vacate the judgment of conviction (see People v Champion, 20 AD3d 772, 772-773 [2005]; People v Cash, 19 AD3d 934, 935 [2005]). Moreover, the exception to the preservation rule does not apply because defendant did not make any statements during his plea allocution that were inconsistent with his guilt or negated an essential element of the crime (see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Kelly, 3 AD3d 789, 789 [2004], lv denied 2 NY3d 801 [2004]). Moreover, were we to consider this claim, we would find it to be unavailing. The transcript of the plea proceedings reveals that County Court carefully advised defendant of his rights and explained the ramifications of his guilty plea. Defendant, after assuring the court that he understood his rights and was not being coerced into the plea, gave affirmative responses to questions posed by County Court admitting all of the elements of the crime to which he pleaded guilty. Under these circumstances, we find that the guilty plea was made in a knowing, voluntary and intelligent manner (see People v Santalucia, 19 AD3d 806, 807 [2005]).

In addition, "[d]efendant's failure to move to withdraw his plea or vacate the judgment of conviction also precludes his challenge to the effectiveness of his counsel" (People v Coles, 13 AD3d 665, 666 [2004] [citation omitted]). In any event, the record is devoid of any indication that defendant was denied "meaningful representation" (People v Henry, 95 NY2d 563, 565 [2000]). Defendant's remaining contentions, including those

regarding supposed prosecutorial misrepresentations and undue preindictment delay, are unpreserved for our review.

Cardona, P.J., Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.