■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. FRICCHIONE, Appellant. [840 NYS2d 422]—

Appeal by the defendant from an order of the County Court, Orange County (DeRosa, J.), entered December 7, 2005, which, after a hearing, and upon two judgments of the same court both rendered April 22, 2004, convicting him of violation of Agriculture and Markets Law § 351 (two counts) (prohibition of animal fighting), Agriculture and Markets Law § 353-a (1) (three counts) (aggravated cruelty to animals), and Agriculture and Markets Law § 353 (five counts) (animal cruelty), under indictment No. 03-00403, and tampering with physical evidence, under indictment No. 03-00740, after a nonjury trial, and imposing sentence, further directed the defendant to pay restitution to the Warwick Valley Humane Society in the sum of $129,812.51, together with a 5% surcharge on that amount in

the sum of $6,490.62, for a total sum of $136,303.13, and directed that the order be docketed as a civil judgment.

Ordered that the appeal is dismissed.

On April 22, 2004, upon his convictions after a nonjury trial for, inter alia, violations of Agriculture and Markets Law § 351, the defendant was sentenced to a term of imprisonment and a fine. Nineteen months later, in November 2005, after the defendant had already begun to serve his prison sentence and this Court had already affirmed the judgment of conviction (*see People v Fricchione*, 20 AD3d 433 [2005]), the County Court issued an order, after a hearing, directing the defendant to pay, inter alia, restitution to the Warwick Valley Humane Society. The defendant appeals.

The appeal must be dismissed. "The right to appeal in a criminal action is purely statutory" (*People v Taylor*, 99 AD2d 820 [1984]; *see People v Stevens*, 91 NY2d 270, 277 [1998]). Criminal Procedure Law § 450.10 enumerates the judgments, sentences, and orders from which a defendant may appeal as of right (*see* CPL 450.30). The order from which the defendant seeks to appeal is not among these enumerated papers. Accordingly, we are without jurisdiction to hear this appeal.

Our dismissal of the defendant's appeal under the Criminal Procedure Law is not intended to foreclose the defendant from seeking relief by proper procedural means. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.