(December 24, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL RUSSO, Appellant. [891 NYS2d 213]—

Mercure, J.P.

Defendant, a building contractor, was accused of bilking clients out of substantial sums of money and pleaded guilty to one count of grand larceny in the fourth degree in satisfaction of a pending indictment. County Court sentenced defendant, as agreed, to a prison term of $1^{1}/_{2}$ to 3 years and scheduled a hearing to determine the amount of restitution to be paid to the numerous victims. Following that hearing, at which defendant disputed some of the restitution claims, County Court issued an order setting the amount of restitution at over $110,000.[1] Defendant, not having appealed from the original judgment of conviction, now appeals from the order entered January 12, 2007.[2]

At a hearing to determine the amount of restitution, the People are obliged to prove a victim's out-of-pocket loss by the preponderance of the evidence (see Penal Law § 60.27 [2]; CPL 400.30 [4]; People v Tzitzikalakis, 8 NY3d 217, 221 [2007]; People v Wilson, 59 AD3d 807, 808 [2009]). In determining what that loss is, a court must offset the amount taken by a defendant

1. County Court subsequently issued an amended order that corrected the original order's calculation of the total amount of restitution owed. Although defendant solely appealed from the original order, dismissal of this appeal is unnecessary, as the amended order served only to correct an addition error and did not materially modify the original order in any way (see Matter of Fullam v Fullam, 39 AD3d 897, 897 n [2007], lv denied 9 NY3d 802 [2007]; cf. Peris v Western Regional Off-Track Betting Corp., 255 AD2d 899, 899 [1998]).

2. As a general rule, a defendant may not appeal from a restitution order in a criminal case (see CPL 450.10; People v Santiago, 63 AD3d 1656 [2009]; People v Fricchione, 43 AD3d 410, 411 [2007]; but see People v Knowles, 293 AD2d 770, 771 [2002]). Here, however, County Court specified at sentencing that the amount of restitution to be imposed would be set after a scheduled hearing. We accordingly view the appealed-from restitution order as an appealable amendment to the judgment of conviction (see CPL 450.10 [1], [2]; People v Swiatowy, 280 AD2d 71, 73 [2001], lv denied 96 NY2d 868 [2001]).

with the benefit, if any, received by the victim (*see People v Tzitzikalakis*, 8 NY3d at 220; *People v Fuller*, 57 NY2d 152, 158 [1982]). Defendant's work as a contractor did confer a benefit upon his victims; accordingly, to establish a prima facie restitution amount, "the People must show both components of the restitution equation, the amount taken minus the benefit conferred" (*People v Tzitzikalakis*, 8 NY3d at 221-222).

In this case, the great majority of County Court's findings as to the losses incurred by the victims are amply supported by the hearing testimony and other evidence in the record. However, we must remit for further proceedings with regard to one of the claims for restitution. Carol Frome gave defendant $5,900, the same amount that County Court awarded as restitution. She admitted, however, that defendant's employees had done some work on her property and that some materials had been delivered. Frome further stated that $1,900 of the amount given defendant was to purchase a door that he actually ordered, but she admitted that she had not attempted to pick the door up from the vendor. Given that County Court did not take the value of those benefits conferred upon Frome into consideration, remittal is required to determine the correct amount of restitution.

Spain, Rose, Kane and Garry, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as made an award of restitution as to Carol Frome; matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.