Stein, J.
Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered January 9, 2008, convicting defendant upon her plea of guilty of the crimes of grand larceny in the second degree and issuing a bad check (two counts).
Defendant owned and operated a payroll business that provided a variety of services to its clients, primarily small businesses, including such tasks as processing payroll and tax liabilities. Several of defendant’s clients implicated defendant in *748 the misappropriation of their funds. After waiving indictment and agreeing to be prosecuted by superior court information, defendant pleaded guilty to one count of grand larceny in the second degree and two counts of issuing a bad check and waived her right to appeal. The plea agreement included an indeterminate sentence to be determined by County Court and restitution in an amount to be calculated, but represented as being between $300,000 and $500,000.
County Court thereafter sentenced defendant to a prison term of 4 to 12 years for the crime of grand larceny in the second degree and a concurrent term of 90 days in jail on the convictions of issuing a bad check. At the time of sentencing, County Court also directed defendant to pay restitution to 13 separate victims in the total amount of $434,916.75. More than three months later, the People moved to have County Court order additional restitution in excess of $300,000 with respect to victims who were not included in the orders made at the time of sentencing. While incarcerated, defendant executed the additional restitution orders, indicating her agreement to pay the amounts included therein, and County Court subsequently signed such orders. Defendant now appeals.
Defendant raises various arguments regarding the validity of her plea based upon the asserted impropriety of the restitution orders. Defendant first contends that her plea was not knowing, intelligent and voluntary because she was not made aware of the amount of restitution to be paid as part of her sentence. Although defendant’s argument that her guilty plea was involuntary is not foreclosed by her appeal waiver (see People v Nesbitt, 23 AD3d 836, 837 [2005], lv denied 6 NY3d 816 [2006]), this claim was not preserved for our review as she did not move to withdraw her plea or to vacate her sentence (see People v Bennett, 24 AD3d 975, 975 [2005], lv denied 6 NY3d 831 [2006]). Nor does it fall within the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666-667 [1988]). Likewise, defendant did not preserve her argument that the restitution orders were improper based upon County Court’s failure to consider her ability to pay, as she did not request a hearing on that issue or otherwise object to the amount of restitution ordered on that basis. In any event, such consideration was not required under the circumstances here (see People v Henry, 64 AD3d 804, 806-807 [2009], lv denied 13 NY3d 860 [2009]). Thus, to the extent that defendant’s arguments relate to the restitution orders made at the time of sentencing, our review is precluded and we decline to take corrective action in the interest of justice.
However, we reach a different conclusion as to defendant’s arguments regarding the restitution orders made after her *749 sentencing hearing. Inasmuch as those arguments are addressed to County Court’s jurisdiction to make such orders and to the legality thereof, and since defendant’s challenges to the postsentence orders relate to the “ ‘mode of proceedings prescribed by law,’ ” they need not be preserved (People v Ahmed, 66 NY2d 307, 310 [1985], quoting People v Patterson, 39 NY2d 288, 295 [1976]; see People v Boston, 75 NY2d 585, 589 n [1990]).[1] County Court is authorized to order restitution in an amount that will compensate the victim of a crime for his or her “actual out-of-pocket loss” (Penal Law § 60.27 [1]) and must make a finding as to the amount of such loss upon consideration of “sufficient evidence [in the record] to support such finding” (Penal Law § 60.27 [2]). Indeed, in view of the “long-standing policy of promoting, encouraging and facilitating the use of restitution to reimburse victims for . . . losses caused by criminal conduct” (People v Horne, 97 NY2d 404, 412 [2002]), a sentencing court is obligated to address the issue of restitution where the People advise the court at or before sentencing that a victim seeks restitution or where a “victim impact statement reports that the victim seeks restitution or reparation” (Penal Law § 60.27 [1]; see People v Horne, 97 NY2d at 410-412). Thus, in the normal course of events, the People must “advise the court at or before the time of sentencing that the victim seeks restitution . . . and the amount of restitution . . . sought” (Penal Law § 60.27 [1]), and the trial court must determine the amount of restitution at the time of sentencing (see People v Consalvo, 89 NY2d 140, 144 [1996]). However, the court’s continuing jurisdiction to impose restitution has been recognized where the claim for restitution is raised at or prior to sentencing and the modification or correction of the sentence occurs within a reasonable time thereafter (see Penal Law § 60.27 [1]; People v Swiatowy, 280 AD2d at 73; People v Kevin C., 265 AD2d 828, 828-829 [1999]; People v Daprano, 224 AD2d 441, 441-442 [1996], lv denied 88 NY2d 965 [1996]).
Here, County Court’s award of restitution at the time of sentencing in the total amount of $434,916.75 was supported by depositions in the record and a reference in the presentence investigation report to letters received by the Probation Department detailing the victims’ losses in that aggregate amount. In *750 addition, statements were made by the People and by defendant at or before sentencing indicating that restitution to all victims was contemplated, and six of the eight restitution claims addressed in the postsentencing orders were set forth in victim impact statements that were provided to County Court prior to sentencing. Although County Court mistakenly overlooked those victim impact statements, it called its error to the parties’ attention only five days after defendant was sentenced and inquired if defendant would consent to the issuance of six additional restitution orders. The People then moved for additional restitution orders to be issued and a resentencing and restitution hearing was scheduled.[2] Under these circumstances, County Court properly sought to correct its failure to consider these victims’ timely requests.
Nonetheless, “[a] sentencing court may not impose a more severe sentence than one bargained for without providing [the] defendant the opportunity to withdraw his [or her] plea” (People v Brown, 198 AD2d 901, 901 [1993]). Here, not only was the sentence amended to include additional restitution, these postsentence restitution orders would raise the total amount that defendant would be required to pay beyond the anticipated monetary range presented by the People to which defendant agreed at the time of her plea. Inasmuch as defendant now seeks vacatur of her plea, this matter should be remitted to permit defendant to either withdraw her plea or consent to the higher restitution amount sought in the six victim impact statements presented to County Court at or before the time of defendant’s original sentencing or, alternatively, to permit County Court to dispense with some of these claims in the interest of justice and resentence defendant within the agreed-upon range (see Penal Law § 60.27 [1]; People v Pickens, 45 AD3d 1187, 1188 [2007], lv denied 10 NY3d 769 [2008]).[3]
On the other hand, the remaining two restitution claims addressed in the postsentencing orders were not brought to County Court’s attention until well after sentencing. Inasmuch as the conditions required for imposition of restitution were not met with respect to these two claims (see People v Kevin C., 265 AD2d at 828-829; see also People v Dickson, 260 AD2d 931, 933-934 [1999], lv denied 93 NY2d 1017 [1999]), County Court erred *751 in modifying defendant’s sentence to include them. Accordingly, the postsentencing restitution orders with respect to such claims must be vacated.
Defendant’s contention that she did not receive the effective assistance of counsel is related to perceived failures on counsel’s part with respect to the restitution orders. To the extent that defendant’s claims relate to representation prior to the filing of the notice of appeal, they are unpreserved as a result of her failure to move to withdraw her plea or vacate the judgment of conviction (see People v Bennett, 24 AD3d at 975). In any event, based upon our review of the record and the circumstances of the case, viewed in totality, we are satisfied that counsel provided meaningful representation (see People v Turner, 5 NY3d 476, 480 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]). Thus, defendant’s claims—including those concerning events occurring after the notice of appeal was filed, to the extent they are not rendered academic by our determination herein—are without merit.
Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the postsentencing restitution orders; matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Although restitution orders are generally not reviewable on appeal (see CPL 450.10; People v Russo, 68 AD3d 1437, 1437 n 2 [2009]; People v Fricchione, 43 AD3d 410, 411 [2007]; but see People v Knowles, 293 AD2d 770, 771 [2002]), inasmuch as we deem the postsentence restitution orders here to be amendments to the judgment of conviction, our review of such orders is appropriate (see People v Russo, 68 AD3d at 1437 n 2; see also People v Swiatowy, 280 AD2d 71, 73 [2001], lv denied 96 NY2d 868 [2001]).

. The restitution hearing was not held because defendant consented to the issuance of the additional restitution orders.

. Remittal remains the suitable remedy despite defendant’s consent to the issuance of the additional restitution orders; nothing in the record indicates that she was given any option to do otherwise (see People v McDowell, 56 AD3d 955, 956 [2008]; People u Branch-El, 12 AD3d 785, 786 [2004], lv denied 4 NY3d 761 [2005]).