People v Anderson (2020 NY Slip Op 00424)





People v Anderson


2020 NY Slip Op 00424


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2017-09995
 (Ind. No. 14/17)

[*1]The People of the State of New York, respondent,
v
Robert Anderson, also known as Chuck, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered August 29, 2017, as amended December 12, 2017, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
On August 10, 2017, the defendant pleaded guilty to criminal sale of a controlled substance in the third degree in exchange for a promised sentence of a term of five years' imprisonment, plus a period of three years' postrelease supervision (hereinafter the promised sentence). On August 29, 2017, the County Court imposed the promised sentence. Thereafter, upon realizing that the defendant should have been sentenced as a second felony offender, the court, at a proceeding held on December 12, 2017, adjudicated the defendant a second felony offender and amended the judgment accordingly, without disturbing the promised sentence.
The defendant contends that his plea was not voluntary, knowing, or intelligent because he was not advised at the time of the plea that he would be sentenced as a second felony offender. The defendant's contention is unpreserved for appellate review because the defendant was made aware that he would be adjudicated a second felony offender at the outset of the December 12, 2017, proceeding, was given an opportunity to ask questions as to the reason why the adjudication was being made, and nonetheless failed to move to withdraw his plea before the court rendered the judgment, as amended, which otherwise simply reimposed the promised sentence (see CPL 220.60[3]; People v Williams, 27 NY3d 212, 214, 219-220, 222; People v Crowder, 24 NY3d 1134, 1136-1137; People v Murray, 15 NY3d 725, 726-727; People v DeValle, 94 NY2d 870, 872; People v Ullah, 130 AD3d 759, 760). We decline to reach the contention in the exercise of our interest of justice jurisdiction.
The defendant's further challenge to the voluntariness of his plea is without merit (see People v Copes, 145 AD3d 1639; People v Johnson, 137 AD3d 1419, 1420).
The promised sentence was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court