People v Miller (2020 NY Slip Op 02585)





People v Miller


2020 NY Slip Op 02585


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


475 KA 18-01175

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEFFAN J. MILLER, DEFENDANT-APPELLANT.






STEVEN A. FELDMAN, MANHASSET, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered January 24, 2018. The judgment convicted defendant upon a nonjury verdict of assault in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law
§ 120.05 [9]) and endangering the welfare of a child (§ 260.10 [1]). Defendant "made only a general motion for a trial order of dismissal, and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence" (People v Alejandro, 60 AD3d 1381, 1382 [4th Dept 2009], lv denied 12 NY3d 850 [2009]; see People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that County Court lacked jurisdiction to order postjudgment restitution because the People did not state at or before sentencing that they were seeking restitution. Rather, upon a recommendation set forth in the presentence report, the court stated at sentencing that it would impose restitution at a later date. Defendant thereafter waived a hearing and consented to restitution totaling $2,764.08. Although defendant's jurisdictional challenge need not be preserved for our review (see People v Naumowicz, 76 AD3d 747, 749 [3d Dept 2010]; see generally People v Stewart, 151 AD3d 1860, 1861 [4th Dept 2017]), we conclude that the court's "deferral of restitution issues did not work to deprive it of jurisdiction to thereafter impose restitution as it had announced it would do at sentencing" (People v Bauer, 229 AD2d 502, 502 [2d Dept 1996]; see People v Jackson, 180 AD2d 755, 755 [2d Dept 1992]). Insofar as defendant contends that the court erred in deferring the restitution issue absent a request from the People, we conclude that defendant failed to preserve his contention for our review (see CPL 470.05 [2]; cf. People v Kevin C., 265 AD2d 828, 828-829 [4th Dept 1999]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the court abused its discretion in issuing a no-contact order of protection in favor of the child victim's mother. We reject that contention. The court had the power to issue an order of protection and set the terms thereof, even without the mother's consent (see People v Walker, 151 AD3d 1730, 1731 [4th Dept 2017], lv denied 29 NY3d 1135 [2017], reconsideration denied 30 NY3d 984 [2017]; People v Paul, 117 AD3d 1499, 1499-1500 [4th Dept 2014]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court