People v Tyrek M. (2020 NY Slip Op 03031)





People v Tyrek M.


2020 NY Slip Op 03031


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-12459
 (Ind. No. 8131/15)

[*1]The People of the State of New York, respondent,
v
Tyrek M. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered August 27, 2018, adjudicating him a youthful offender, upon his plea of guilty to attempted gang assault in the first degree, and sentencing him to a definite term of imprisonment of five months and an unspecified term of probation.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
The defendant was adjudicated a youthful offender upon his plea of guilty to attempted gang assault in the first degree. As part of the plea agreement, the defendant waived his right to appeal. The Supreme Court imposed a split sentence of five months' imprisonment and a term of probation (see Penal Law 60.01[2][d]). At sentencing, the court neglected to recite the length of the term of probation. The defendant has completed his term of imprisonment and is currently serving his sentence of probation.
CPL 380.20 requires that courts "must pronounce sentence in every case where a conviction is entered" (CPL 380.20). The violation of CPL 380.20 may be addressed on direct appeal notwithstanding a valid waiver of the right to appeal or the defendant's failure to preserve the issue for appellate review (see People v Cleveland, 177 AD3d 1382; People v Guadalupe, 129 AD3d 989; see generally People v Fuller, 57 NY2d 152, 156). Here, although the court imposed a split sentence consisting of five months in jail and a probationary period, it neglected to recite the length of the term of probation. Therefore, the judgment must be modified by vacating the sentence, and the matter must be remitted to the Supreme Court, Kings County, for resentencing (see People v Petrangelo, 159 AD3d 1559; see generally People v Knox, 56 AD3d 799).
In light of our determination, the defendant's remaining contention has been rendered academic.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court