People v Long (2022 NY Slip Op 05545)

People v Long

2022 NY Slip Op 05545

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-14538 
2019-14539
2019-14540

[*1]The People of the State of New York, respondent,
v
Marcus D. Long, appellant. (S.C.I. Nos. 70/18, 72/18, 73/18)

Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered December 18, 2018, convicting him of assault in the second degree under Superior Court Information No. 70/18, upon his plea of guilty, and imposing sentence, (2) a judgment of the same court, also rendered December 18, 2018, convicting him of robbery in the second degree under Superior Court Information No. 72/18, upon his plea of guilty, and imposing sentence, including restitution in the amount of $60, plus a $300 mandatory surcharge and a $25 crime victim assistance fee, and (3) a judgment of the same court, also rendered December 18, 2018, convicting him of robbery in the second degree under Superior Court Information No. 73/18, upon his plea of guilty, and imposing sentence, including restitution in the amount of $1,771, plus a $300 mandatory surcharge and $25 crime victim assistance fee.
ORDERED that the judgment rendered under Superior Court Information No. 70/18 is affirmed; and it is further,
ORDERED that the judgment rendered under Superior Court Information No. 72/18 is modified, on the law, by vacating the imposition of the $300 mandatory surcharge, the $25 crime victim assistance fee, and restitution in the amount of $60; as so modified, that judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings in accordance herewith; and it is further,
ORDERED that the judgment rendered under Superior Court Information No. 73/18 is modified, on the law, by vacating the imposition of the $300 mandatory surcharge, the $25 crime victim assistance fee, and restitution in the amount of $1,771; as so modified, that judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings in accordance herewith.
The defendant entered into a plea agreement in satisfaction of three separate accusatory instruments. The defendant entered a plea of guilty to two counts of robbery in the second degree [see Superior Court Information Nos. 72/18, 73/18] and one count of assault in the [*2]second degree [see Superior Court Information No. 70/18]. In exchange for his pleas of guilty, the County Court promised to sentence the defendant, inter alia, to two concurrent terms of imprisonment of 14 years on the convictions of robbery in the second degree, and one concurrent term of imprisonment of 7 years on the conviction of assault in the second degree. At the subsequent sentencing proceeding, the court adjudicated the defendant a second felony offender, and imposed the promised terms of imprisonment and postrelease supervision.
The defendant contends that his pleas were not voluntary, knowing, and intelligent because he was not advised at the time of the pleas that he would be sentenced as a second felony offender. This contention is unpreserved for appellate review (see CPL 470.05[2]). The defendant was made aware that he would be adjudicated a second felony offender at the outset of the sentencing proceeding, and he failed to move to withdraw his pleas before the County Court imposed the promised sentence, despite an adequate opportunity to have done so (see People v Anderson, 179 AD3d 942, 942; see also People v Mayers, 74 NY2d 931, 931-932; People v Deowasarran, 170 AD3d 1036; People v Kopy, 54 AD3d 441, 441; People v Granan, 48 AD3d 975, 975-976). Under the circumstances, we decline to reach this contention in the exercise of our interest of justice jurisdiction (see e.g. People v Anderson, 179 AD3d at 943).
The defendant also contends that the County Court erred in neglecting to specify the actual dollar amount of restitution on the record at the sentencing proceeding. The People contend that this argument is unpreserved for appellate review and, in any event, without merit.
"CPL 380.20 and 380.40(1) collectively require that courts 'must pronounce sentence in every case where a conviction is entered' and that—subject to limited exceptions not relevant here—'[t]he defendant must be personally present at the time sentence is pronounced'" (People v Sparber, 10 NY3d 457, 469; see People v Tyrek M., 183 AD3d 915, 915; People v Cleveland, 177 AD3d 1382, 1383). "Restitution is a component of the sentence to which CPL 380.20 and 380.40(1) apply" (People v Cleveland, 177 AD3d at 1383; see People v Nieves, 2 NY3d 310, 316; People v Fuller, 57 NY2d 152, 156-157; accord Penal Law § 60.27[1]). A violation of CPL 380.20 or 380.40(1) "may be addressed on direct appeal notwithstanding a valid waiver of the right to appeal or the defendant's failure to preserve the issue for appellate review" (People v Tyrek M., 183 AD3d at 915; see People v Samms, 95 NY2d 52, 56; People v Fuller, 57 NY2d at 156; People v Martinez, 144 AD3d 708, 708; People v Guadalupe, 129 AD3d 989).
Here, it is undisputed that the precise dollar amount of restitution was not pronounced by the County Court at the time of sentencing, or at any other point on the record. "The County Court should have, but failed to, fix the amount and terms of restitution at the time it pronounced the sentence[s] of which restitution was to be a part" (People v Jackson, 180 AD2d 755, 755; see People v Bauer, 229 AD2d 502, 502-503; People v Bentivegna, 145 AD2d 899, 899; see also People v Julye, 64 AD2d 614; People v Thigpen, 60 AD2d 860; see generally People v Tyrek M., 183 AD3d at 915-916). Contrary to the People's position, "[t]he defendant's contention that the County Court failed to pronounce the amount of restitution at sentencing . . . is not foreclosed by . . . his failure to preserve the issue" (People v Guadalupe, 129 AD3d at 989 [citation omitted]; see People v Samms, 95 NY2d at 56; People v Fuller, 57 NY2d at 156; People v Martinez, 144 AD3d at 708). The court also erred in directing the defendant to pay mandatory surcharges and crime victim assistance fees in connection with the two convictions of robbery in the second degree since the imposition of those surcharges and fees was inconsistent with the requirement that the defendant make restitution in connection with those convictions (see Penal Law § 60.35[6]; People v Bauer, 229 AD2d at 503; People v Bailey, 209 AD2d 709, 709). Under the circumstances, we modify the judgments rendered under Superior Court Information Nos. 72/18 and 73/18 by vacating the imposition of mandatory surcharges, crime victim assistance fees, and restitution, and we remit the matter to the County Court, Dutchess County, for further proceedings consistent herewith (see People v Bauer, 229 AD2d 502; People v Bailey, 209 AD2d at 709; People v Jackson, 180 AD2d at 755; People v Julye, 64 AD2d 614).
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court