(April 11, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. MEYERS, Appellant. [640 NYS2d 634] —Crew III, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered January 14, 1992, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.

On the morning of September 8, 1990, members of the Amsterdam Police Department and State Police executed a search warrant for a residence located in the City of Amsterdam, Montgomery County. At the time the warrant was being executed, the police were accompanied by the Montgomery County District Attorney. During the execution of the warrant, the po-

lice encountered defendant and, with his consent, engaged in a search of his motor vehicle and discovered, *inter alia*, a quantity of methamphetamines. Defendant was thereafter indicted and charged with criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and 12 counts of criminal possession of a controlled substance in the seventh degree.

Following County Court's denial of defendant's motion to suppress the evidence seized, defendant pleaded guilty to attempted criminal possession of a controlled substance in the fourth degree in satisfaction of all counts of the indictment and was sentenced as a second felony offender to an agreed-upon indeterminate term of imprisonment of $3^1/_2$ to 7 years. As part of the plea agreement, defendant waived his right to appeal the judgment of conviction, as well as County Court's determination of defendant's motion to suppress. Nevertheless, defendant now appeals.

Initially, we note that defendant failed to move to withdraw his guilty plea or vacate the judgment of conviction and has therefore failed to preserve for review his challenge to the sufficiency of the plea (*see, People v Negron*, 193 AD2d 976, 977, *lv denied* 82 NY2d 757). In any event, the record plainly establishes that defendant knowingly and voluntarily entered his guilty plea and waived his right to appeal. Defendant is a 44-year-old adult with a college education, who is quite familiar with the criminal process having been previously convicted on at least four occasions. During the course of the plea allocution, defendant answered County Court's questions unhesitatingly and unequivocally, thereby demonstrating his understanding of the plea agreement, the effect of his plea and his acquiescence thereto.

We also reject defendant's contention that he was denied effective assistance of counsel by reason of the fact that his attorney failed to move for the recusal of the District Attorney because he was present at and witnessed the search of defendant's vehicle. Nothing in the record suggests that the District Attorney's conduct was relevant to any material issue presented at the suppression hearing, and defendant's assertion that the District Attorney should have been disqualified simply because he observed the circumstances under which the search took place is wholly without merit (*see, People v Paperno*, 54 NY2d 294, 302). We have reviewed defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit.

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.