■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA DOPP, Appellant. [691 NYS2d 194] —Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered July 20, 1998, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to the crime of burglary in the

third degree in satisfaction of a four-count indictment with the understanding that he would be sentenced to a prison term of 1⅓ to 4 years and that County Court would consider granting youthful offender status based on all the circumstances at the time of sentencing. As part of his plea, defendant also waived his right to appeal from any aspect of his conviction, including the sentence. Defendant was thereafter sentenced to the agreed upon term. Inasmuch as the presentence report revealed that defendant was previously adjudicated a youthful offender following his conviction of a class D felony, he was not eligible for youthful offender treatment upon his conviction of the instant crime (see, CPL 720.10 [2] [c]).

Defendant claims that his waiver of the right to appeal was invalid and that the sentence was harsh and excessive. By failing to move to withdraw his plea or vacate the judgment of conviction, defendant failed to preserve his claim regarding the validity of his waiver of the right to appeal (see, People v Negron, 193 AD2d 976, 977, lv denied 82 NY2d 757). In any event, contrary to defendant's claim, the record demonstrates that defendant's waiver of his right to appeal was knowing and voluntary. County Court explained his right to appeal and defendant acknowledged his waiver of that right as part of the plea. Despite his young age, defendant had considerable experience with the criminal justice system and he acknowledged that he had sufficient time to confer with his attorney regarding his rights, including his right to appeal.

As a result of his knowing and voluntary waiver of the right to appeal, his claim that the sentence is harsh and excessive has not been preserved for our review (see, People v Leibach, 249 AD2d 636, lv denied 92 NY2d 880). In any event, in view of defendant's extensive criminal history which began approximately 18 months prior to the instant crime, and considering that the sentence imposed is less than the harshest possible, we find no merit to defendant's claim regarding the sentence, despite the fact that he was only 17 years old at the time he committed the instant crime (see, People v Doane, 208 AD2d 971, 973-974). There is no basis to disturb the sentence and, therefore, the judgment must be affirmed.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.