■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES P. THORPE, Appellant. [703 NYS2d 767] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of assault in the second degree (Penal Law § 120.05 [1]). We reject the People's contention that, by not moving to withdraw his plea or vacate the judgment of conviction, defendant failed to preserve for our review his contention concerning the validity of the waiver of the right to appeal (cf., People v Doty, 267 AD2d 616; People v Rumberger, 262 AD2d 801; People v Dopp, 261 AD2d 715; People v Tuper, 256 AD2d 636, lv denied 92 NY2d 1039). Preservation was not required. "The role of the appellate courts is to review the record to ensure that the defendant's waiver reflects a knowing, intelligent and voluntary choice" (People v Hidalgo, 91 NY2d 733, 736). The record establishes that defendant's waiver was knowing, intelligent and voluntary (see, People v Callahan, 80 NY2d 273, 280). That waiver encompasses defendant's contention that the sentence is unduly harsh or severe (see, People v Hidalgo, supra, at 737). (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY W. WALKER, Appellant. [703 NYS2d 772] —Judgment unanimously affirmed. Memorandum: Defendant "did not seek to reopen the [Huntley] hearing based on the trial testimony or move for a mistrial" (People v Kendrick, 256 AD2d 420, lv denied 93 NY2d 900) and thus failed to preserve for our review his contention that County Court erred in denying his motion to suppress his statement. We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Scudder and Lawton, JJ.