■ The People of the State of New York, Respondent, v Dennis J. Parmeter, Appellant. [718 NYS2d 427] —Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Bruhn, J.), rendered October 15, 1999, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to the lesser included offense of attempted criminal possession of a forged instrument in the second degree and executed a waiver of appeal as part of the plea agreement. The plea agreement did not include a specific sentence commitment. At the time of the plea, County Court informed defendant that his was a "no promise" plea and that he would not be permitted to withdraw his plea under any circumstances.

While awaiting sentencing, defendant was arrested and charged with two unrelated misdemeanor offenses. Sentencing was then adjourned to permit defendant to address these charges. After reviewing two affidavits disputing defendant's commission of the new offenses, County Court sentenced him to a prison term of 1 to 3 years, primarily on the basis of his criminal record. Defendant appeals.

Even if it were preserved for our review (*see, People v Lopez*, 71 NY2d 662, 665), we would reject defendant's contention that County Court's "anticipatory ruling" precluded him from making an application to withdraw his plea. The record is devoid of any indication that defendant, who was aptly represented by counsel, desired to withdraw his plea at any time before the adjourned sentencing date. We find no merit to defendant's assertion that the plea should be vacated because he was not informed until after waiving his right to appeal that his plea could not be withdrawn. The record establishes that defendant had been advised of the ramifications of the plea agreement and his waiver of the right to appeal. Defendant further indicated to County Court that he was voluntarily entering into the plea agreement and waiving his right to appeal and had no further questions. Moreover, in knowingly entering into a plea agreement without a specific sentence commitment, defendant waived the right to appeal the severity of the sentence (*see, People v Hidalgo*, 91 NY2d 733, 737).

Finally, we reject defendant's contention that before imposing sentence, County Court should have afforded him a more meaningful hearing concerning his postplea arrest. County Court afforded defendant the opportunity to submit affidavits regarding the new arrest, properly evaluated his submissions in light of the fact that the affiants were his codefendants on another charge and imposed a sentence within the statutory guidelines. Accordingly, we find no reason to disturb the judgment of conviction (*see, People v Victor*, 262 AD2d 872, *lv denied* 94 NY2d 830; *People v Rumberger*, 262 AD2d 801).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.