■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLE BRYANT, Appellant. [842 NYS2d 830]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 13, 2004. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of sodomy in the first degree (Penal Law former § 130.50 [1], [3]), defendant contends that Supreme Court erred in denying his motion to reopen the *Wade* hearing after the victim testified at trial that one of the police officers who showed her a photo array pointed to one of the photographs and said, "[I]sn't that the guy in one of those pictures." In denying defendant's motion, the court stated that the victim "seemed somewhat confused" during her testimony and ruled that it would allow defense counsel to point out the identification issue to the jury during summation. The court also permitted defense counsel to cross-examine the police officers involved in the identification procedure, and both officers denied directing the victim to select a particular photograph. We therefore conclude that the court did not abuse its discretion in denying defendant's motion to reopen the *Wade* hearing. In any event, there is overwhelming evidence of defendant's guilt and no significant probability that defendant otherwise would have been acquitted, and thus any error in the court's denial of defendant's motion is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We further reject the contention of defendant that the court erred in allowing a witness to testify that she saw him shortly before the incident standing across from the victim's school and looking toward the playground. Defendant's actions, while suspect, did not rise to the level of a prior bad act (*see People v Jones*, 293 AD2d 489 [2002], *lv denied* 98 NY2d 652 [2002]), and thus there was no need to apply the *Molineux* factors to determine the admissibility of the testimony. Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to resolve credibility issues in favor of the People and thus to credit the testimony of the victim

and the investigating police officers (*see People v Walek*, 28 AD3d 1246 [2006], *lv denied* 7 NY3d 764 [2006]). The contention of defendant that his due process rights were violated because the police did not electronically record the station house interrogations is without merit (*see People v Williams*, 39 AD3d 1200 [2007]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.