THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN S. BRASWELL, Appellant. [856 NYS2d 366]—

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his waiver of the right to appeal is invalid. We agree. Contrary to the People's contention, defendant was not required to preserve his contention for our review (*see People v Thorpe*, 269 AD2d 843 [2000], *lv denied* 94 NY2d 953 [2000]; *cf. People v Schwickrath*, 23 AD3d 707 [2005]). The record establishes that the sole reference to a waiver of the right to appeal was the statement by the prosecutor that defendant had waived that right, and thus the record establishes that Supreme Court failed to "engage[ ] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Thousand*, 41 AD3d 1272, 1273 [2007], *lv denied* 9 NY3d 927 [2007] [internal quotation marks omitted]).

Because defendant did not validly waive his right to appeal, his contention that the court erred in refusing to suppress a statement that he made to the police before waiving his *Miranda* rights is properly before us (*see generally People v Kemp*, 94 NY2d 831, 833 [1999]). We reject defendant's contention. Defendant's initial statement to police was not incriminating and thus was not subject to suppression. A police officer testi-

fied that he asked defendant, "is it all right if we grab that stuff?" and that defendant replied, "I don't care. I bought it on the street." Contrary to the court's findings, police officers did not testify that they referred to the found items as "evidence."

Even assuming, arguendo, that the statement was incriminating, we nevertheless conclude that it was admissible. The statement at issue, made during defendant's initial conversation with the police, and the written statement that defendant gave to the police after waiving his *Miranda* rights were made in different locations and generally indicated a "change in the . . . nature of the interrogation," and we conclude under the circumstances of this case that "there was a sufficiently 'definite, pronounced break in the interrogation' to dissipate the taint from the *Miranda* violation" (*People v Paulman*, 5 NY3d 122, 130-131 [2005], quoting *People v Chapple*, 38 NY2d 112, 115 [1975]).

We agree with defendant, however, that the court erred in imposing restitution inasmuch as it was not part of the plea agreement. Although defendant failed to preserve his contention with respect to restitution for our review (*see People v Cooke*, 21 AD3d 1339 [2005]), we exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the court should have afforded defendant the opportunity to withdraw his plea before ordering him to pay restitution (*see Cooke*, 21 AD3d 1339 [2005]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.