■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERRI L. BUNNELL, Appellant. [872 NYS2d 334]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered October 23, 2006. The judgment convicted defendant, upon her plea of guilty, of attempted falsifying business records in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Genesee County Court for a new hearing in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted falsifying business records in the first degree (Penal Law §§ 110.00, 175.10). A restitution hearing was conducted by

County Court's court attorney, after which the court attorney prepared a preliminary fact-finding report. The court affirmed the report and ordered defendant to pay $8,883.99 in restitution, plus a 5% surcharge. We conclude that the court erred in delegating its responsibility to conduct the restitution hearing to its court attorney. We reach this issue sua sponte, as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; *People v Braswell*, 49 AD3d 1190, 1191 [2008], *lv denied* 10 NY3d 860 [2008]). Penal Law § 60.27 (2) provides that, upon the defendant's request, "the court must conduct a hearing" with respect to the amount of restitution in accordance with the procedures set forth in CPL 400.30. CPL 400.30 does not contain a provision permitting the court to delegate its responsibility to conduct the hearing to its court attorney or to any other factfinder. We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a new hearing to determine the amount of restitution in compliance with Penal Law § 60.27. Present— Smith, J.P., Centra, Peradotto and Gorski, JJ.