■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. ROMAN, Appellant. (Appeal No. 1.) [879 NYS2d 804]—Motion for reargument denied. Present—Centra, J.P., Peradotto, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. ROMAN, Appellant. (Appeal No. 2.) [879 NYS2d 804]—Motion for reargument denied. Present—Centra, J.P., Peradotto, Green and Pine, JJ.

■ ARDA MAKARCHUK, Appellant, v EDWARD MAKARCHUK, Respondent. [879 NYS2d 804]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS OBERLANDER, Appellant. [879 NYS2d 804]—Motion for reargument and reconsideration denied. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERRI L. BUNNELL, Appellant. [879 NYS2d 801]—Motion for reargument and other relief granted to the extent that, upon reargument, the memorandum and order entered February 6, 2009 (59 AD3d 942 [2009]) is amended by adding the following sentences before the last sentence of the memorandum: "It cannot be said that the procedure utilized by the court is authorized by *People v Fuller* (57 NY2d 152 [1982]). Indeed, the court attorney did not act merely as a 'preliminary fact finder' (*id.* at 158) but, rather, he conducted an adversarial hearing and made credibility determinations, thereby assuming a role specifically limited to the authority of the court (*see* Penal Law § 60.27 [2]; *Fuller*, 57 NY2d at 158-159)." Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINE JACKSON, Appellant. [879 NYS2d 804]—Motion for reargument denied. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINE JACKSON, Appellant. [879 NYS2d 804]—Motion for writ of error coram nobis denied. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.

■ In the Matter of LARRY BALL et al., Appellants-Respondents, v CITY OF SYRACUSE et al., Respondents-Appellants.