■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRUSIE, Also Known as DAVID B. BRUSIE, DAVID J. BRUSIE, DAVID B. BRUSIE, JR., and DAVID BRUCE BRUSIE, Appellant. [897 NYS2d 319]—

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered October 8, 2008. The order directed defendant to pay restitution.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the order is affirmed, and the matter is remitted to Genesee County Court for a new hearing in accordance with the following memorandum: Defendant was convicted upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]). County Court sentenced defendant to a term of incarceration and scheduled a hearing to determine the amount of restitution to be imposed. Defendant did not appeal from the original judgment of conviction and now appeals from the order of restitution entered following a hearing. As a general rule, a defendant may not appeal as of right from a restitution order in a criminal case (*see* CPL 450.10; *People v Fricchione*, 43 AD3d 410 [2007]). Here, however, the court bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing, and thus "defendant may properly appeal as of right from both the judgment of conviction . . . and the sentence as amended . . . , directing payment of restitution . . . , [with] no need to seek leave to appeal from [the] order of restitution" (*People v Swiatowy*, 280 AD2d 71, 73 [2001], *lv denied* 96 NY2d 868 [2001]; *see* CPL 450.10 [2]; *People v Russo*, 68 AD3d 1437 n 2 [2009]).

With respect to the merits, we agree with defendant that the court erred in delegating its responsibility to conduct a restitution hearing to its court attorney for the same reason as that set forth in our decision in *People v Bunnell* (59 AD3d 942 [2009], *amended on rearg* 63 AD3d 1671 [2009], *amended* 63 AD3d 1727 [2009]). Although defendant failed to preserve his contention for our review, "preservation is not required inasmuch as the essential nature of the right to be sentenced as provided by law is implicated" (*People v Weber* [appeal No. 2], 64 AD3d 1185, 1186 [2009] [internal quotation marks omitted]; *see Bunnell*, 59 AD3d 942 [2009]). We therefore modify the order by vacating the amount of restitution ordered, and we remit the matter to County Court for a new hearing to determine the amount of restitution in compliance with Penal Law § 60.27. Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.