# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1515**
**KA 08-01950**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KEVIN L. MULLINGS, DEFENDANT-APPELLANT.

---

TIMOTHY PATRICK MURPHY, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), rendered June 18, 2008. The order directed defendant to pay restitution.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the order is affirmed, and the matter is remitted to Genesee County Court for a new hearing in accordance with the following Memorandum: Defendant appeals from an order of restitution that was entered following a hearing conducted after he was sentenced to a term of incarceration upon his conviction of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15). We note at the outset that, "[a]s a general rule, a defendant may not appeal as of right from a restitution order in a criminal case . . . Here, however, [County Court] bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing, and thus 'defendant may properly appeal as of right from both the judgment of conviction . . . and the sentence as amended . . ., directing payment of restitution . . ., [with] no need to seek leave to appeal from [the] order of restitution' " (*People v Brusie*, 70 AD3d 1395, 1396). As defendant contends and the People correctly concede, the court erred in delegating its responsibility to conduct a restitution hearing to its court attorney (*see id.; People v Bunnell*, 59 AD3d 942, *amended on rearg* 63 AD3d 1671, *amended* 63 AD3d 1727). We reject the further contention of defendant, however, that the court erred in severing the issue of restitution from the other aspects of sentencing (*see People v Swiatowy*, 280 AD2d 71, 72-73, *lv denied* 96 NY2d 868). We also reject defendant's contention that the People should not be given another opportunity to conduct a restitution hearing. Inasmuch as all of the proceedings in this case took place prior to this Court's decision in *Bunnell*, it would be fundamentally unfair to the People and the victim to deprive the People of the right to conduct a second hearing. We therefore modify the order by vacating the amount

of restitution ordered, and we remit the matter to County Court for a new hearing to determine the amount of restitution in compliance with Penal Law § 60.27.