# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

106

KA 09-00158

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KAREN MCLELLAN, ALSO KNOWN AS KAREN E. MCLELLAN,
ALSO KNOWN AS KAREN SUMERISKI-MCLELLAN, ALSO
KNOWN AS KAREN H. MCLELLAN, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 9, 2008. The judgment convicted defendant, upon her plea of guilty, of aggravated driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]; § 1193 [1] [c] [former (i)]), defendant contends that County Court erred in delegating to its court attorney the responsibility of the court under Penal Law § 60.27 to determine the amount of restitution that defendant was obligated to pay. We reject that contention. Although defendant is correct that a court attorney is not authorized to conduct a restitution hearing (see *People v Brusie*, 70 AD3d 1395; *People v Weber* [appeal No. 2], 64 AD3d 1185), here there was no hearing because defendant entered into a stipulation with the prosecution concerning the amount of restitution owed, and the court attorney merely placed the stipulation on the record. The court thereafter properly ordered defendant to pay restitution in accordance with the terms of the stipulation. We have examined defendant's remaining contentions and conclude that they lack merit.

Entered:  February 18, 2011                          Patricia L. Morgan
                                                     Clerk of the Court