# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**346**

**KA 09-01893**

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

ROBERT ELAMIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered July 17, 2009. The judgment convicted defendant, upon a nonjury verdict, of unauthorized use of a vehicle in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray,* 86 NY2d 10, 19) and, in any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). The victim identified defendant at trial as one of the two men who were using his vehicle. A police officer testified that he observed a vehicle matching the description of the victim's vehicle and, when he attempted to pull it over, two men fled from the vehicle and abandoned it. Another officer located defendant, who matched the description of one of the men who fled from the victim's vehicle, in proximity thereto. Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that he received ineffective assistance of counsel because defense counsel failed to argue at the *Wade* hearing that the detention of defendant for purposes of a photo array was unlawful pursuant to *People v Hicks* (68 NY2d 234). We reject that contention. " '[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense]

counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Rivera*, 71 NY2d 705, 709; *see People v Gregory*, 72 AD3d 1522, *lv denied* 15 NY3d 805), and defendant failed to meet that burden. The officer who detained defendant after locating him in proximity to the victim's vehicle testified at the *Wade* hearing that defendant was transported to the police station for purposes of conducting a photo array with the victim within only a few minutes of being detained. That testimony established that the length of the detention was minimal and lawful (*see Hicks*, 68 NY2d at 243; *People v Dibble*, 43 AD3d 1363, 1364-1365, *lv denied* 9 NY3d 1032). When the officer subsequently testified at trial that she was mistaken in her testimony at the *Wade* hearing and that the detention of defendant prior to the photo array lasted approximately one hour, defense counsel could have moved to reopen the *Wade* hearing (*see generally People v Bryant*, 43 AD3d 1377, 1378, *lv denied* 9 NY3d 1031; *People v Walker*, 269 AD2d 843, *lv denied* 94 NY2d 953). Defendant, however, failed to establish that there was no legitimate explanation for defense counsel's failure to do so (*see People v Waliyuddin*, 286 AD2d 915, *lv denied* 97 NY2d 659). Indeed, we note that, at a reopened *Wade* hearing, the People could have called the victim to testify to establish that he had an independent basis for his in-court identification of defendant (*see People v Hill*, 53 AD3d 1151; *see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: March 25, 2011                    Patricia L. Morgan
                                           Clerk of the Court