■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS AQUINO, Also Known as THOMAS A. AQUINO, Appellant. [921 NYS2d 579]—

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), rendered November 10, 2008. The order directed defendant to pay restitution in the amount of $5,850.67.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, the amount of restitution ordered is vacated, and the matter is remitted to Genesee County Court for a new hearing in accordance with the following memorandum: Defendant appeals from an order of restitution arising from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We reverse the order for the same reason as that set forth in our decision in *People v Bunnell* (59 AD3d 942 [2009], *amended* 63 AD3d 1671 [2009], 63 AD3d 1727 [2009]), i.e., that County Court erred in delegating its responsibility to conduct a restitution hearing to its court attorney. We add only that, "[a]s a general rule, a defendant may not appeal as of right from a restitution order in a criminal case . . . [but, h]ere, however, the court bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing," thereby obviating the need for defendant to seek leave to appeal from the instant restitution order (*People v Brusie*, 70 AD3d 1395, 1396 [2010]; *see* CPL 450.10 [2]; *People v Russo*, 68 AD3d 1437, 1437 n 2 [2009]). We further note that, although defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), preservation is not required inasmuch as defendant's essential "right to be sentenced as provided by law" is implicated (*People v Fuller*, 57 NY2d 152, 156 [1982]; *see Bunnell*, 63 AD3d at 1727). We therefore reverse the order and remit the matter to County Court for a new hearing to determine the amount of restitution in compliance with Penal Law § 60.27. Present—Smith, J.P., Peradotto, Carli, Sconiers and Green, JJ.