# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

506
KA 10-00325
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THOMAS AQUINO, ALSO KNOWN AS THOMAS A. AQUINO,
DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

-------------------------------------------------------------------------------

Appeal from an order of the Genesee County Court (Robert C.
Noonan, J.), rendered November 10, 2008. The order directed defendant
to pay restitution in the amount of $5,850.67.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law, the amount of restitution ordered is
vacated, and the matter is remitted to Genesee County Court for a new
hearing in accordance with the following Memorandum: Defendant
appeals from an order of restitution arising from a judgment
convicting him upon his plea of guilty of burglary in the second
degree (Penal Law § 140.25 [2]). We reverse the order for the same
reason as that set forth in our decision in *People v Bunnell* (59 AD3d
942, *amended* 63 AD3d 1671, 1727), i.e., that County Court erred in
delegating its responsibility to conduct a restitution hearing to its
court attorney. We add only that, "[a]s a general rule, a defendant
may not appeal as of right from a restitution order in a criminal case
. . . [but, h]ere, however, the court bifurcated the sentencing
proceeding by severing the issue of restitution for a separate
hearing," thereby obviating the need for defendant to seek leave to
appeal from the instant restitution order (*People v Brusie*, 70 AD3d
1395, 1396; *see* CPL 450.10 [2]; *People v Russo*, 68 AD3d 1437 n 2). We
further note that, although defendant failed to preserve his
contention for our review (*see* CPL 470.05 [2]), preservation is not
required inasmuch as defendant's essential "right to be sentenced as
provided by law" is implicated (*People v Fuller*, 57 NY2d 152, 156; *see
Bunnell*, 63 AD3d at 1727). We therefore reverse the order and remit
the matter to County Court for a new hearing to determine the amount
of restitution in compliance with Penal Law § 60.27.

Entered: April 29, 2011                          Patricia L. Morgan
                                                 Clerk of the Court