# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1335

KA 10-00123

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RAYMOND E. JOSEPH, III, DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), dated November 30, 2009.  The order directed defendant to pay restitution.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the order is affirmed, and the matter is remitted to Genesee County Court for a new hearing in accordance with the following Memorandum:  Defendant was convicted following a jury trial of burglary in the third degree (Penal Law § 140.20) and, after being sentenced to a term of incarceration, he was ordered following a hearing to pay restitution.  Although we previously affirmed the judgment of conviction (*People v Joseph*, 63 AD3d 1658), we modified the restitution order by vacating the amount ordered on the ground that County Court erred in delegating its responsibility to conduct the restitution hearing to its court attorney (*People v Joseph*, 63 AD3d 1659, *amended* 63 AD3d 1727).  We remitted the matter to County Court for a new hearing to determine the amount of restitution (*id.*).  Upon remittal, the matter was referred to a judicial hearing officer (JHO), who conducted a hearing and rendered a decision.  The court adopted the JHO's decision and ordered defendant to pay restitution in the amount found by the JHO to be appropriate.

We agree with defendant that the court erred in again delegating its responsibility to conduct the restitution hearing.  Penal Law § 60.27 (2) provides that, "[i]f the record does not contain sufficient evidence [of the amount of restitution due] or upon request by the defendant, the court *must* conduct a hearing upon the issue in accordance with the procedure set forth in [CPL 400.30]" (emphasis added).  Significantly, "CPL 400.30 does not contain a provision permitting the court to delegate its responsibility to conduct the hearing to its court attorney or *to any other fact finder*" (*People v*

*Bunnell*, 59 AD3d 942, 943, *amended on rearg* 63 AD3d 1671, *amended* 63 AD3d 1727 [emphasis added]).  We therefore modify the order by vacating the amount of restitution ordered, and we remit the matter to County Court for a new hearing to determine the amount of restitution in compliance with Penal Law § 60.27.