# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1095**

**KA 10-00505**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JONATHAN J. CONNOLLY, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), dated January 20, 2010.  The order adjudged that defendant must pay the sum of $31,403.49 in restitution.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the order is affirmed, and the matter is remitted to Genesee County Court for a new hearing in accordance with the following Memorandum:  Defendant appeals from an order of restitution that was entered following a hearing.  We note at the outset that, because County Court bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing, defendant properly appeals as of right from the order of restitution (*see People v Brusie*, 70 AD3d 1395, 1396).  As the People correctly concede, the court erred in delegating its responsibility to conduct the restitution hearing to a judicial hearing officer (JHO) (*see People v Joseph*, 90 AD3d 1646, 1647).  We therefore modify the order by vacating the amount of restitution ordered, and we remit the matter to County Court for a new hearing to determine the amount of restitution (*see id.*).  Defendant further contends that the People should not be given another opportunity to present evidence in support of the victim's request for restitution.  We reject that contention.  Penal Law § 60.27 (1) provides that, where "the victim seeks restitution or reparation, the court *shall* require, unless the interests of justice dictate otherwise, . . . that the defendant make restitution of the fruits of the offense and reparation for the actual out-of-pocket loss" (emphasis added).  The mandatory language of that statute expresses the longstanding policy of "seeking to ensure that an offender's punishment includes making the victim whole" (*People v Tzitzikalakis*, 8 NY3d 217, 220).  We conclude that it would be contrary to that policy and fundamentally unfair to the People and the victim to deprive the People of the opportunity to present evidence in support of the victim's request for restitution based upon the error

of the court in delegating its responsibility to conduct a restitution hearing to the JHO.  Defendant's further challenges to the JHO's findings and the sufficiency of the People's evidence are not preserved for our review (*see* CPL 470.05 [2]; *People v Snyder*, 38 AD3d 1068, 1069), and we decline to exercise our power to address those challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court