■ The People of the State of New York, Respondent, v
Stacey L. Williams, Appellant. [979 NYS2d 885]—

Appeal from an order of the Genesee County Court (Robert C.
Noonan, J.), dated May 23, 2012. The order directed defendant
to pay restitution to the victims of two burglaries.

It is hereby ordered that the order so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from an order directing
him to pay restitution to the victims of two burglaries. On a
prior appeal, we concluded that County Court had improperly
delegated its responsibility to conduct a restitution hearing to
its court attorney (*People v Williams*, 64 AD3d 1136, 1137
[2009]). We therefore modified the order by vacating the amount
of restitution ordered, and we remitted the matter for a new
hearing to determine the amount of restitution in compliance
with Penal Law § 60.27 (*id.*). The only evidence presented by
the People at the hearing on remittal was the transcript of the
hearing previously conducted by the court attorney in 2006. De-
spite the court's error in delegating its responsibility to the
court attorney in 2006, we nevertheless conclude that the
transcript of the sworn testimony of the victims taken nearly
six years earlier, which was subject to cross-examination, consti-
tutes "relevant evidence" (CPL 400.30 [4]). The statute
expressly provides that relevant evidence may be received
"regardless of its admissibility under the exclusionary rules of
evidence" (*id.*; *see People v Tzitzikalakis*, 8 NY3d 217, 221
[2007]; *People v Wilson*, 108 AD3d 1011, 1013-1014 [2013]). We
further conclude that, contrary to defendant's contention, the
court properly determined that the People established the out-
of-pocket losses of the respective victims by the requisite
preponderance of the evidence (*see generally Tzitzikalakis*, 8
NY3d at 221; *People v Horne*, 97 NY2d 404, 410-411 [2002]).
Present—Scudder, P.J., Smith, Centra, Carni and Whalen, JJ.