# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

210

KA 12-01242

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

MARCO A.C., DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an adjudication of the Orleans County Court (James P. Punch, J.), rendered April 16, 2012. Defendant was adjudicated a youthful offender upon his plea of guilty of attempted burglary in the second degree.

It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a youthful offender adjudication convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant's contention regarding the voluntariness of his plea is not preserved for our review because he did not move to withdraw his plea or to vacate the adjudication on that ground (*see People v Rosado*, 70 AD3d 1315, 1315-1316, *lv denied* 14 NY3d 892). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement because nothing in the plea allocution calls into question the voluntariness of the plea or casts "significant doubt" upon his guilt (*People v Lopez*, 71 NY2d 662, 666; *see People v Cubi*, 104 AD3d 1225, 1226, *lv denied* 21 NY3d 1003).

Defendant failed to preserve for our review his contention that County Court erred in ordering restitution without conducting a hearing (*see People v Robinson*, 112 AD3d 1349, 1350; *People v Baker*, 57 AD3d 1500, 1500), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). To the extent that defendant's contention that he was denied effective assistance of counsel survives his plea of guilty (*see People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869), we reject that contention. The record establishes that defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*,

86 NY2d 397, 404).