# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**629**

**KA 13-00884**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JONATHAN J. CONNOLLY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), dated April 4, 2013. The order determined that the Erie Insurance Company is entitled to restitution of $31,796.69 from defendant.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order of restitution that was entered following a hearing. On a prior appeal, we concluded that County Court erred in delegating its responsibility to conduct the restitution hearing to a judicial hearing officer (JHO) (*People v Connolly*, 100 AD3d 1419, 1419). We therefore modified the order by vacating the amount of restitution ordered, and we remitted the matter to County Court for a new hearing to determine the amount of restitution (*id.*). Defendant contends for the first time on this appeal that the court was divested of jurisdiction in this matter on remittal as a result of the delay in imposing restitution and thus failed to preserve that contention for our review (*see People v Marshall*, 228 AD2d 15, 17-18, *lv denied* 89 NY2d 1013). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant further contends that the hearing on remittal was inadequate because the only evidence presented by the People consisted of the transcript and exhibits from the hearing previously conducted by the JHO in December 2009. We reject that contention. "Despite the court's error in delegating its responsibility to the [JHO] in [December 2009], we nevertheless conclude that the transcript of the sworn testimony of the [witnesses] taken [over three] years earlier, which was subject to cross-examination, [together with the exhibits admitted during that hearing,] constitutes 'relevant evidence' . . . [that] may be received 'regardless of its admissibility under the exclusionary rules of

evidence' " (*People v Williams*, 114 AD3d 1140, 1140, quoting CPL 400.30 [4]).  We further conclude that, contrary to defendant's contention, the court properly relied upon that evidence in determining that the People established the out-of-pocket losses of the insurance company by the requisite preponderance of the evidence (*see id.*; *see generally People v Tzitzikalakis*, 8 NY3d 217, 221-222).

Entered:  June 20, 2014                        Frances E. Cafarell
                                               Clerk of the Court