# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**206**
**KA 13-01214**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

TODD R. BRIGLIN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered January 3, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from judgments rendered on the same day, convicting him upon his pleas of guilty of burglary in the third degree (Penal Law § 140.20). As defendant contends and the People correctly concede, the waiver of the right to appeal in each appeal is invalid because, "[a]lthough the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between County Court and defendant regarding the waiver of the right to appeal to ensure that it was knowingly, voluntarily and intelligently entered" (*People v Carno*, 101 AD3d 1663, 1664, *lv denied* 20 NY3d 1060).

Defendant contends that the court erred in its determination of restitution with respect to the victims in each appeal. At sentencing, the People indicated that the amount of restitution was $905.02 based on two victim impact statements, but if there were additional victims seeking restitution the matter should be scheduled for a hearing. Defendant objected to any additional amounts of restitution and agreed to the People's suggestion that a hearing be held if there were additional amounts sought. The court bifurcated the sentencing proceeding by severing the issue of restitution for a hearing, if necessary. Several months later, the court issued an order of restitution in the amount of $905.02. Defendant failed to appeal from the order of restitution (*see People v Connolly*, 100 AD3d 1419, 1419; *People v Brusie*, 70 AD3d 1395, 1396), however, and thus

his challenge to the amount of restitution is not before us.  We note in any event that defendant failed to preserve his challenge for our review (*see People v Horne*, 97 NY2d 404, 414 n 3; *People v Jorge N.T.*, 70 AD3d 1456, 1457, *lv denied* 14 NY3d 889), inasmuch as he did not object to the amount of $905.02 stated at sentencing or request a hearing with respect thereto.  Even if defendant had appealed from the order of restitution, we would decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Marco A.C.*, 115 AD3d 1219, 1220, *lv denied* 23 NY3d 1039).

Finally, the sentence in each appeal is not unduly harsh or severe.

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court