People v Mason (2020 NY Slip Op 02658)





People v Mason


2020 NY Slip Op 02658


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-11638
 (Ind. No. 9386/16)

[*1]The People of the State of New York, respondent,
v
Dexter Mason, appellant.


Paul Skip Laisure, New York, NY (Priya Raghavan of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel; Maria Torres on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), imposed August 1, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the defendant's contention, the record amply demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Bradshaw, 18 NY3d 257, 264; People v Ramos, 7 NY3d 737, 738; People v Batista, 167 AD3d 69; People v Howard, 160 AD3d 897; People v Brown, 122 AD3d 133).
Where, as in this case, a defendant has entered "into a guilty plea that includes a valid waiver of the right to appeal, that waiver includes any challenge to the severity of the sentence" (People v Lopez, 6 NY3d 248, 256). Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see id. at 256).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court