People v Hernandez (2022 NY Slip Op 05544)

People v Hernandez

2022 NY Slip Op 05544

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-08740
2021-08751

[*1]The People of the State of New York, respondent,
v
Luis Hernandez, appellant. (S.C.I. No. 1085/21)

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Kevin C. King and Benjamin A. Kussman of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered October 8, 2021, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed November 10, 2021.
ORDERED that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that the resentence is affirmed.
The defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree. He was originally sentenced to a term of imprisonment of two years, to be followed by a period of postrelease supervision of three years. Thereafter, the Supreme Court resentenced the defendant to the same period of incarceration but with a period of postrelease supervision of five years, not three, on the ground that the statute required a period of postrelease supervision of five years. The defendant contends that his guilty plea was not knowing, voluntary, and intelligent because the period of postrelease supervision imposed on the resentence exceeded the period of postrelease supervision that he had been promised in connection with the plea agreement.
The defendant's contention is unpreserved for appellate review, as the defendant was informed about the term of the amended sentence at the outset of the resentencing proceeding but failed to move to withdraw his plea prior to the imposition of the resentence or otherwise raise this issue before the Supreme Court (see People v Murray, 15 NY3d 725, 726-727; People v Leed, 171 AD3d 945, 945). Notably, at the time of the resentence, the People represented to the court that the five year period of postrelease supervision had been the original period of postrelease supervision that was the subject of the plea agreement but that, at sentencing, the wrong period was set forth on the record. Counsel for the defendant confirmed that the five year period of postrelease supervision, together with the two year term of incarceration, was the negotiated plea deal. Thus, under the [*2]circumstances of this case, we decline to exercise our interest of justice jurisdiction to reach the issue.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Savransky, 206 AD3d 764, 765; see People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court