People v Tissiera (2022 NY Slip Op 07459)

People v Tissiera

2022 NY Slip Op 07459

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-08634

[*1]The People of the State of New York, respondent,
v
Michael J. Tissiera, appellant. (S.C.I. No. 96/21)

Thomas N. N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered October 25, 2021, convicting him of aggravated family offense, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In full satisfaction of a superior court information, the defendant entered a plea of guilty to the felony of aggravated family offense. As a condition of his plea agreement, the defendant agreed to waive his right to appeal. The defendant appeals from the judgment of conviction, contending that he did not knowingly, voluntarily, and intelligently enter a plea of guilty or waive his right to appeal, and that his sentence was excessive.
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see People v Garner, 198 AD3d 813, 813-814; People v King, 169 AD3d 1060, 1061). In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Garner, 198 AD3d at 813-814), and the court's alleged failure to address the consecutive nature of the defendant's sentence pursuant to Penal Law § 70.25(2-a) does not require vacatur of the plea (see People v Belliard, 20 NY3d 381, 389).
Contrary to the defendant's contention, his waiver of the right to appeal was valid (see People v Lopez, 6 NY3d 248, 256; People v Cuellar, 174 AD3d 733, 734). The defendant's waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255; People v Rogers, 171 AD3d 1098, 1099).
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court