People v Potik (2024 NY Slip Op 00437)

People v Potik

2024 NY Slip Op 00437

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-06951
 (Ind. No. 136/19)

[*1]The People of the State of New York, respondent,
v
Keith M. Potik, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered August 20, 2021, convicting him of attempted murder in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 563-567; People v Lopez, 6 NY3d 248, 257; People v Augustine, 208 AD3d 678). The defendant's waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255; People v Tissiera, 211 AD3d 1045, 1046).
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see People v Tissiera, 211 AD3d at 1045; People v Garner, 198 AD3d 813, 814). In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v McDonnell, 214 AD3d 826, 827; People v Tissiera, 211 AD3d at 1045).
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court