People v Janagal (2024 NY Slip Op 00435)

People v Janagal

2024 NY Slip Op 00435

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-09731
 (Ind. No. 339/21)

[*1]The People of the State of New York, respondent,
v
Amerdeep Janagal, appellant.

Jonathan Rosenberg, Brooklyn, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Karen Gopee, J.), rendered April 13, 2022, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 564; People v Sanders, 25 NY3d 337, 340-341; People v Lopez, 6 NY3d 248, 256).
Although the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Morrow, 198 AD3d 922, 923), it is unpreserved for appellate review, as he was informed about the terms of the sentence at the outset of the plea allocution but failed to move to withdraw his plea or otherwise raise this issue before the Supreme Court (see People v Murray, 15 NY3d 725, 726-727; People v Hernandez, 209 AD3d 672; People v Bush, 185 AD3d 1048, affd 38 NY3d 66; People v Anderson, 179 AD3d 942). In any event, the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and intelligently (see People v Bush, 38 NY3d at 70-72; People v Ford, 86 NY2d 397, 403).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256; People v Morrow, 198 AD3d at 923).
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court