People v Ruiz (2024 NY Slip Op 02214)

People v Ruiz

2024 NY Slip Op 02214

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
COLLEEN D. DUFFY

LINDA CHRISTOPHER, J.P.
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-09036
 (Ind. No. 51/21)

[*1]The People of the State of New York, respondent,
v
Robert Ruiz, appellant.

Margaret M. Walker, Poughkeepsie, NY (Robert K. Young of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered November 10, 2021, convicting him of aggravated family offense (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, under the circumstances of this case, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Stevens, 203 AD3d 958, 959; People v D'Amico, 194 AD3d 742).
Although the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Janagal, 223 AD3d 915, 916), it is unpreserved for appellate review since he did not move to withdraw his plea on this ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see People Potik, 223 AD3d 916, 917). In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see id.; People v McDonnell, 214 AD3d 826, 827).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256; People v Mason, 183 AD3d 639, 639).
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court