People v Munoz-Zuleta (2024 NY Slip Op 03832)

People v Munoz-Zuleta

2024 NY Slip Op 03832

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-04631
 (Ind. No. 201/19)

[*1]The People of the State of New York, respondent,
v
Hector A. Munoz-Zuleta, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (James A. Dolan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Larry J. Schwartz, J.), rendered August 21, 2020, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to arson in the second degree as part of a plea agreement wherein the County Court agreed to impose a particular sentence upon the defendant. As a condition of his plea agreement, the defendant also agreed, inter alia, to waive his right to appeal. The defendant appeals.
As the defendant's challenge to the voluntariness of his plea survives even a valid waiver of the right to appeal, we need not determine whether the defendant's waiver of the right to appeal was invalid (see People v Seaberg, 74 NY2d 1, 10; see People v Lee, 225 AD3d 788, 788).
The defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see People v Tissiera, 211 AD3d 1045, 1045-1046; People v Garner, 198 AD3d 813, 814). The record does not include the defendant's pro se motions to withdraw the plea as defendant's counsel declined to adopt the motions. "Under these circumstances, the . . . court had no further duty to entertain the motions" (People v Rodriguez, 95 NY2d 497, 502-503; People v Edwards, 223 AD3d 840, 841).
In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Marinos, 209 AD3d 875, 876; People v Garner, 198 AD3d at 814), and the defendant's contention that he was deprived of the effective assistance of counsel, based on defense counsel's alleged failure to advise him of the defense of intoxication either prior to or during the plea proceeding, is based on matter dehors the record (see People v Thomas, 89 AD3d 964, 965; People v Sharma, 36 AD3d 723).
The defendant's contention that he did not receive the sentence that had been [*2]promised pursuant to his plea agreement is also without merit (see e.g. People v Brown, 147 AD3d 969, 970).
The defendant's remaining contentions are without merit.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court