People v Ricottilli (2025 NY Slip Op 01115)

People v Ricottilli

2025 NY Slip Op 01115

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-06640
 (Ind. No. 70099/23)

[*1]The People of the State of New York, respondent,
v
Gregory Ricottilli, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered July 17, 2023, convicting him of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254; People v Ponce, 232 AD3d 741, 741).
Although the defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent survives his valid waiver of the right to appeal (see People v Janagal, 223 AD3d 915, 916), it is unpreserved for appellate review since he did not move to withdraw his plea on this ground prior to the imposition of sentence or otherwise raise the issue before the County Court (see People v Potik, 223 AD3d 916, 917; People v Garner, 198 AD3d 813, 814). In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Ruiz, 226 AD3d 1053; People v McDonnell, 214 AD3d 826, 827).
The defendant's contention that Penal Law § 60.21 is unconstitutional was not raised before the County Court, and therefore it is unpreserved for appellate review (see People v David, 41 NY3d 90, 95-96; People v Chase, 223 AD3d 913, 913; People v Manners, 217 AD3d 683, 685). In any event, the contention is without merit (see People v Smith, 154 AD3d 714, 715).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that he was sentenced in violation of his right against double jeopardy (see People v Muniz, 91 NY2d 570, 574; People v Rivera, 226 AD3d 929, 931), that his sentence was excessive (see People v Lopez, 6 NY3d at 255; People v Batista, 167 AD3d 69, 70), and that his sentence violates the constitutional proscription against cruel and unusual punishment (see People v Florio, 179 AD3d 834, 835; People v Brathwaite, 263 AD2d 89, 92).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court